Sneed, J.,
delivered the opinion of the Court.
The plaintiff in error was convicted, in the Circuit Court of the county of Coffee, of the offense of carrying a pistol about his person, under the Act of 1870, c. 13. By the third section of that act, “persons who are on a journey out of their State or county,” are, among others, specially exempted from its operation. Upon the trial, it was shown that the *512 plaintiff in error resided in the county of Warren, but within half a mile of the line of Coffee county, and that he was carrying the weapon while riding through the neighborhood in Coffee county, not exceeding a dozen miles from his home in Warren. This, • it is insisted, was a “journey” in the sense of the statute; and it is urged that the statute being highly penal— embracing imprisonment in the county jail among the penalties for its violation — ought to be strictly construed. Upon this subject His Honor, the Circuit Judge, instructed the jury as follows: “The word journey, as used in the Act, implies something more than a travel of a few miles in the neighborhood of the party. Mr. Webster says it is The travel of a day.’ Again the word journey suggests the idea of a somewhat prolonged traveling for a specific object, leading a person to pass directly from one point to another. You will apply the above definition to the facts of this case; and if you find that the defendant was on a journey out of his county or State, at the time of carrying the pistol, you will acquit him; but if he was not., you will convict him. If you should believe from the evidence that the defendant lived in Warren county, near the line of Coffee or Coffee and Grundy, and carried the pistol when traveling around in the neighborhood of his home, but in Coffee county, then, under such a state of facts, if they exist, the Court is of opinion he would not be on a journey within the meaning of the third section of the Act, and he would be guilty; and this would be so, al *513 though he may have traveled five, six or seven miles from his home; and, although he may in such travel around home cross not only the Coffee county line, but also the line of Grundy county.”
We see no error in the charge of the court upon this subject, and think the learned Judge has fallen upon the correct definition of the word journey in the sense of this statute. Whatever be the literal sense of the term, it was surely not intended that the word “journey,” in the sense of this statute, should embrace a mere ramble in one’s own neighborhood across the lines of contiguous counties. If so, a very wise and salutary statute has emasculated itself, and is deprived of half its efficiency for good. It is true, the Legislature has not undertaken to define a journey, or to say whether it shall be a long or short one, but has left the courts to interpret it in the light of good sense, and with regard to the spirit and intent of the statute itself, with the positive injunction in the fourth section of the Act that the courts shall give it a liberal construction so as to carry out its true intent and meaning: Shank. Supp., 96. It was thought proper to except persons on a journey out of the county from the operation of the Act that they might provide themselves, if necessary, with weapons defensive against such possible perils of the highways as are not supposed to exist among one’s own neighbors. The evil intended to be corrected is the carrying of deadly weapons on the streets, in society, in the community, or among the people with whom we are in the habit of *514 associating — a habit which will ultimately convert a good man into an assassin, and a brave man into a coward.
Note. — In Lacefield v. The State, Jackson, April 27, 1872, it was held, Nicholson, C. J., delivering the opinion, that the conviction was right, where the defendant started on a journey which might take him out of the county or terminate within it, and where he armed himself, after the journey had terminated within the county, and when he was on his return and within a few miles of home.
Let the judgment be affirmed.